**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STORE MASTER FUNDING III, LLC, a Delaware limited liability company,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Case No. ____________** |
| **R Tequila Acquisition, LLC, a Texas limited liability company; Ronak Parikh; Pinky Parikh; Akash Bhakta; Vasudha Bhakta; Chetan Bhakta; Chetal Bhakta; Nikunj Bhakta; Teena Bhakta; Henry A. Leonard; Peggy Leonard,** | § | |
| **Defendants.** | § | |

## COMPLAINT

Plaintiff STORE Master Funding III, LLC ("**STORE**" or "**Plaintiff**"), by and through counsel undersigned, and for its Complaint against Defendants R Tequila Acquisition, LLC ("**Tenant**"), Ronak Parikh, Pinky Parikh, Akash Bhakta, Vasudha Bhakta, Chetan Bhakta, Chetal Bhakta, Nikunj Bhakta, Teena Bhakta, Henry A. Leonard and Peggy Leonard (collectively, "**Guarantors**" and together with Tenant "**Defendants**") and hereby alleges as follows:

### Parties

1. Plaintiff is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. None of the members of Plaintiff are citizens of the State of Texas or the State of New Mexico for purposes of diversity.

2. Tenant is a limited liability company organized and existing under the laws of the State of Texas and has its principal place of business at 18900 Dallas Parkway, STE 125, Dallas,

Texas 75287. Service of process on defendant may be made on its registered agent for service of process: Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056. Based on Plaintiff's reasonable inquiry, all members of Tenant are citizens of the State of Texas for purposes of diversity.

3. Ronak Parikh is an individual residing in Collin County Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Pinky Parikh and may be served at 3528 Danbury Lane, Plano, Texas 75074-9000.

4. Pinky Parikh is an individual residing in Collin County Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Ronak Parikh and may be served at 3528 Danbury Lane, Plano, Texas 75074-9000.

5. Akash Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Vasudha Bhakta and may be served at 7266 Waters Edge Drive, The Colony, Texas, 75056-3492.

6. Vasudha Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Akash Bhakta and may be served at 7266 Waters Edge Drive, The Colony, Texas, 75056-3492.

7. Chetan Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Chetal Bhakta and may be served at 901 Warwick Blvd., The Colony, Texas 75056-6290.

8. Chetal Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Chetan Bhakta and may be served at 901 Warwick Blvd., The Colony, Texas 75056-6290.

9. Nikunj Bhakta is an individual residing in Las Cruces, New Mexico, is a citizen of the State of New Mexico for purposes of diversity, is the spouse of defendant Teena Bhakta and may be served at 2255 W PICACHO AVE APT 100W, LAS CRUCES, NM 88007-2318.

10. Teena Bhakta is an individual residing in Las Cruces, New Mexico, is a citizen of the State of New Mexico for purposes of diversity, is the spouse of defendant Nikunj Bhakta and may be served at 2255 W PICACHO AVE APT 100W, LAS CRUCES, NM 88007-2318.

11. Henry A. Leonard is an individual residing in Smith County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Peggy Leonard and may be served at 1682 Old Oak, Tyler, Texas 75703.

12. Peggy Leonard is an individual residing in Smith County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Henry A. Leonard and may be served at 1682 Old Oak, Tyler, Texas 75703.

## Jurisdiction and Venue

13. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because Defendants are subject to personal jurisdiction in this district and because Defendants have agreed to venue for this case in Texas.

15. This Court has personal jurisdiction over the Defendants because the causes of action arose in Texas and the transactions and occurrences out of which the cause of action arose took place in Texas.

16. Furthermore, Tenant expressly submitted to the jurisdiction of this Court in Section 17.18 of the Amended and Restated Lease Agreement dated February 26, 2020 (the "**Lease**"). A true and correct copy of the Lease is attached as **Exhibit 1**.

17. Guarantors expressly submitted to the jurisdiction of this Court in Paragraph 10 of the Amended and Restated Unconditional Guaranty of Payment and Performance dated February 26, 2020 (the "**Guaranty**"). A true and correct copy of the Guaranty is attached as **Exhibit 2**.

## General Allegations

### A. The Lease, the Amended Lease and the Guaranty

18. On February 26, 2020, Plaintiff and Tenant entered in to the Lease, whereby Tenant agreed, among other things, to pay in advance, on or before the first day of each calendar month, the Base Monthly Rental then in effect. Lease at § 4.01.

19. Pursuant to the Lease, Tenant agreed to pay all taxes assessed against or imposed on the Property and any personal property thereon. Lease at § 6.01(a).

20. Pursuant to the Lease, Tenant agreed to pay as Additional Rental "all sums of money required to be paid by Lessee under this Lease which are not specifically referred to as Rental." Lease at § 4.03.

21. Pursuant to the Lease, any payment delivered five business days after the due date shall bear interest at the Default Rate. Lease at § 4.06.

22. Interest is computed from and including the date the payment was due through and including the date the payment is made. Lease at § 4.06.

23. The Default Rate is defined in the Lease as 12% per annum or the highest rate permitted by law, whichever is less. Lease at Exhibit A.

24. Contemporaneously with the execution of the Lease, Plaintiff and Guarantors entered in to the Guaranty.

25. Pursuant to the Guaranty, Guarantors "unconditionally, absolutely and irrevocably guarantee[d] the punctual and complete payment and performance when due to Lessor of all Monetary Obligations, including, without limitation, Rental, taxes, insurance premiums, impounds, reimbursements, late charges, default interest, damages, indemnity obligations and all other amounts, costs, fees, expenses and charges of any kind or type whatsoever, which may or at any time be due to Lessor." Guaranty at ¶ 1.

26. Pursuant to the Guaranty, Guarantor waived any requirement that Lessor first make demand upon, or seek to enforce or exhaust any remedies against Lessee or any other Person. Guaranty at ¶ 2.

**B. Defaults under the Lease and the Guaranty**

27. On May 19, 2020, Plaintiff made demand on Tenant and Guarantors for payment of $918,617.17 for unpaid Base Annual Rental plus interest and late fees accrued thereon and $32,254.85 for unpaid real property taxes.

28. Despite demand, Tenant and Guarantors failed to pay the amounts due to Plaintiff.

29. Since demand, Tenant and Guarantors have failed to pay rent and other Monetary Obligations, as defined in the Lease, when due.

**First Cause of Action**

**(Breach of Lease – Tenant)**

30. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

31. The Lease is a valid, binding and enforceable agreement between Plaintiff and Tenant.

32. At all relevant times, Plaintiff has complied with all conditions precedent to the enforcement of its rights under the Lease.

33. Plaintiff has satisfactorily performed its obligations under the Lease.

34. Tenant's failure to pay monthly rent when due is an Event of Default under the Lease. Lease at § 12.01(b).

35. Tenant's failure to pay Real Estate Taxes when due is an event of default under the Lease. Lease at § 12.01(c).

36. Tenant's failure to reimburse Plaintiff for Real Estate Taxes advanced on the Property constitutes an event of default under the Lease. Lease at § 12.01(b).

37. Despite demand, Tenant has failed to cure the described Events of Default.

38. As a reasonable and foreseeable consequence of Tenant's breaches of the Lease, Plaintiff has suffered damages in an amount to be proven at trial, plus interest at the rate of 12% per annum, and reasonable attorneys' fees and costs incurred by Tenant in the enforcement of its rights under the Lease pursuant to the terms thereof. Lease at § 17.06.

**Second Cause of Action**

**Breach of Guaranty (Guarantors)**

39. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

40. The Lease is a valid, binding and enforceable agreement between Plaintiff and Tenant.

41. The Guaranty is a valid, binding and enforceable agreement between Plaintiff and Guarantors.

42. At all times relevant, Plaintiff satisfactorily performed its obligations under the Lease and the Guaranty.

43. Guarantors' failure to ensure punctual payment and performance of all Monetary Obligations under the Lease is a breach of the Guaranty.

44. Guarantors' failure to cure, or cause Tenant to cure, the Events of Default under the Lease, as described above, constituted a breach of the Guaranty.

45. Guarantors' failure to ensure that Tenant met its obligations under the Lease, including paying Base Monthly Rental and Real Estate Taxes when due, is a violation of the terms of the Guaranty.

46. As a reasonable and foreseeable consequence of Guarantors' breach of the Guaranty, Plaintiff has suffered damages in an amount to be proven at trial, plus interest at the rate of 12% per annum, and reasonable attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights under the Lease and the Guaranty pursuant to the terms thereof. Lease at § 17.06; Guaranty at ¶ 8.

**Conditions Precedent**

47. All conditions precedent have been performed, satisfied, have occurred or have been waived.

**Prayer for Relief**

**WHEREFORE**, Plaintiff STORE Master Funding III, LLC prays that judgment be entered in its favor and against Defendants on each claim asserted herein, and that the Court grant the following relief:

A. With respect to the First Cause of Action, Plaintiff requests that judgment be entered in its favor and against Tenant, awarding damages in an amount to be proven at trial, together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and bringing this action;

B. With respect to the Second Cause of Action, Plaintiff requests that judgment be entered in its favor and against Guarantors, awarding damages in an amount to be proven at trial, together with interest through the date of judgment, post-judgment interest and reasonable attorneys' fees and costs incurred in pursuing relief under the Guaranty and bringing this action;

C. Any such other and further relief the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 5th day of June 2020.

REED SMITH LLP

*/s/ Keith M. Aurzada*
Keith Miles Aurzada
Texas State Bar No. 24009880
Bradley J. Purcell
Texas State Bar No. 24063965
REED SMITH LLP
2850 N. Harwood
Suite 1500
Dallas, TX 75201
Phone: (469) 680-4221
Fax: (469) 680-4299
Email: kaurzada@reedsmith.com
Email: bpurcell@reedsmith.com