UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STORE MASTER FUNDING III, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1449-B |
| | § | |
| R. TEQUILA ACQUISITION, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 8). For the following reasons, the Court finds that venue is proper under the parties' forum-selection clause and that dismissal or transfer is unwarranted. Accordingly, the Court **DENIES** Defendants' motion insofar as it alleges improper venue.[1]

## I.
## BACKGROUND[2]

This is a breach-of-contract case. On February 26, 2020, Plaintiff Store Master Funding III, LLC ("Store Master") and Defendant R. Tequila Acquisition, LLC ("R. Tequila") entered into a commercial lease agreement for R. Tequila's restaurant in Amarillo, Texas (the "Lease"). *See*

---

[1] Defendants also move to dismiss certain individuals as defendants under Federal Rule of Civil Procedure 12(b)(6). Doc. 8, Defs.' Mot., 7–9. However, the parties have informed the Court that they have reached an agreement concerning the dismissal of those defendants and that a stipulation is forthcoming. Doc. 13, Pl.'s Resp., 5; Doc. 14, Defs.' Reply, 14. Accordingly, this Order does not address Defendants' Rule 12(b)(6) claim.

[2] This factual history is drawn from the parties' pleadings and briefing on Defendants' motion.

- 1 -

*generally* Doc. 1-1, Lease. Store Master, the landlord, is a Delaware limited-liability company comprising members who are not citizens of Texas. Doc. 1, Compl., ¶ 1. R. Tequila, the tenant, is a limited-liability company comprising members who are all Texas citizens and with its principal place of business in Texas. *Id.* ¶ 2. Other defendants, Ronak Parikh, Akash Bhakta, Chetan Bhakta, Nikunj Bhakta, and Henry A. Leonard (collectively, the "Guarantors"), guaranteed R. Tequila's performance under the Lease through a separate written agreement (the "Guaranty"). *See* Doc. 1-1, Lease, §§ 1.09, 4.08; Doc. 1-2, Guaranty, 1. Nikunj Bhakta is a citizen of New Mexico and the other four Guarantors are Texas citizens. Doc. 1, Compl., ¶¶ 3–11. Store Master contends that R. Tequila and the Guarantors breached the Lease and Guaranty, respectively, by failing to make required payments. *Id.* ¶¶ 27–29. The Lease and Guaranty each contain a forum-selection clause (the "Forum Clause") that provides:

> [each party submits] to the jurisdiction of all federal and state courts located in the State of Texas [and] waives and agrees not to assert in any such action, suit or proceeding that [the party] is not personally subject to the jurisdiction of such courts, that the action, suit or proceeding is brought in an inconvenient forum or that venue of the action, suit or proceeding is improper.

Doc. 1-1, Lease, § 17.18; Doc 1-2, Guaranty, § 10.

Store Master filed a complaint (Doc. 1) in this Court on June 5, 2020. On July 31, 2020, Defendants filed a motion to dismiss for improper venue or, in the alternative, to transfer the case to the Sherman Division of the Eastern District of Texas. Doc. 8, Defs.' Mot., 1. Store Master responded to the motion (Doc. 13) on August 28, 2020, and Defendants filed a reply in support of their motion (Doc. 14) on September 11, 2020. Defendants' motion is ripe for review.

## II.

## LEGAL STANDARD

A defendant may move to dismiss or transfer a case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). If the Court finds that venue is improper, § 1406(a) requires the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Title 28 U.S.C. § 1391(b) sets out three categories of proper venue:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"However, parties may consent to a venue that is not expressly authorized by statute." *J.D. Fields & Co. v. Shoring Eng'rs*, 391 F. Supp. 3d 698, 705 (S.D. Tex. 2019) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013)); *see also Blue Racer Midstream, LLC v. Kelchner, Inc.*, 2018 WL 993781, at *1 (N.D. Tex. Feb. 21, 2018) ("Section 1391 dictates where a plaintiff may properly bring a civil suit unless the parties negotiated a forum-selection clause."); *WorldVentures Holdings, LLC v. MaVie*, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018) ("It is well–settled that venue is proper in any district agreed to under a forum selection clause—even if that district would not have been proper under § 1391."). In the Fifth Circuit, a forum-selection clause is "*prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Servs., Inc. v. Lexington State Bank* 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). The Fifth Circuit "appl[ies] a 'strong

presumption' in favor of enforcing mandatory forum-selection clauses." *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018) (quoting *Weber v. Pact XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016)). A forum-selection clause is "unreasonable" if the party opposing the clause can show:

> (1) The incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.

*Id.* (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)) (alterations incorporated).

## III.

## ANALYSIS

In its complaint, Store Master claims that venue is proper in the Northern District of Texas because "Defendants have agreed to venue for this case in Texas."[3] Doc. 1, Compl., ¶ 14. Store Master attaches the Lease (Doc. 1-1) and the Guaranty (Doc. 1-2) to its complaint.

A. *Venue Is Proper Under the Forum Clause.*

Defendants assert that the case should be dismissed or transferred to the Eastern District of Texas because the Northern District of Texas is not a proper venue under § 1391. *See* Doc. 8, Defs.' Mot., 5–7. Defendants do not allege any flaw in the Lease or Guaranty, argue that the Northern

---

[3] Store Master also claims that venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because Defendants are subject to personal jurisdiction in this district . . . ." Doc. 1, Compl., ¶ 14. Defendants contest these additional grounds for venue. Doc. 8, Defs.' Mot., 5–6. Because the Court finds that venue is proper under the forum-selection clause, this Order does not analyze the other asserted grounds for venue.

District of Texas falls outside of the scope of the Forum Clause, or seek a venue transfer for *forum non conveniens* under § 1404(a). *See generally* Doc. 8, Defs.' Mot.

Instead, Defendants claim that venue is improper and should be dismissed or transferred pursuant to § 1406 because the Forum Clause may not expand Store Master's choice of venue beyond those available under § 1391. Doc. 8, Defs.' Mot, 2–5. In support, Defendants rely on the Supreme Court's opinion in *Atlantic Marine*, which they claim establishes "that a forum selection clause is irrelevant to a motion to dismiss brought under 28 USC § 1406(a) . . . ." Doc. 14, Defs.' Reply, 2–3; *see also* Doc. 8, Defs.' Mot., 3–4. The Court disagrees with Defendants' interpretation.

In *Atlantic Marine*, the defendant sought to enforce a forum-selection clause when the plaintiff filed suit in a venue that was not provided for in the clause, but was otherwise proper under § 1391. *Atl. Marine*, 571 U.S. at 53. The defendant argued that venue was "wrong" and "improper" and that, in essence, the forum-selection clause was the sole means of determining proper venue. *Id.* The Supreme Court rejected the defendant's argument, holding that the forum-selection clause did not render other venues under § 1391 improper. *Id.* at 56, 59 ("[B]ecause § 1391 made venue proper, venue could not be 'wrong' for purposes of § 1406(a)"). The Supreme Court did not, however, invalidate the forum-selection clause. *See id.* at 59. Instead, it found that although the § 1391 venue was not improper for purposes of dismissal under § 1406(a), the defendant could still seek a transfer to the agreed-upon forum for convenience under § 1404(a). *Id.* Further, the Supreme Court went so far as to say that when a party seeks to transfer venue under § 1404(a), a "forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 63 (alterations incorporated) (citations omitted).

This context is important in interpreting the Supreme Court's statement in *Atlantic Marine* that "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Id.* at 55. *Atlantic Marine* prohibits parties from invalidating statutorily proper venues under § 1391; it does not, however, prohibit parties from expanding the number of available venues through voluntary agreement. *See id.* at 56 (holding that § 1391 "cannot reasonably be read to allow judicial consideration of other, extrastatutory *limitations* on the forum in which a case may be brought." (emphasis added)).

Moreover, the Supreme Court recognized "Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Id.* at 56 (emphasis in original). Defendants do not deny that they have consented to "the jurisdiction of all federal and state courts located in the State of Texas" through the Forum Clause and that this Court, therefore, has personal jurisdiction over Defendants. Doc. 1-1, Lease, § 17.18; Doc 1-2, Guaranty, § 10; *see Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court . . . .") (quoting *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). Given the Court's personal jurisdiction over the parties, venue in the Northern District of Texas comports with the intent of § 1391. *See Atl. Marine*, 571 U.S. at 56.

In addition, Defendants point to *Prosperity Bank v. Balboa Music Festival, LLC*, 2014 WL 1023935 (S.D. Tex. Mar. 13, 2014) to argue that the Fifth Circuit does not recognize forum-

selection clauses.[4] This case, however, does not persuade the Court to disregard the Forum Clause here. In *Prosperity Bank*, the plaintiff filed suit in a venue that was not available under § 1391 and was not the agreed-upon venue in the parties' forum-selection clause. 2014 WL 1023935, at *1–3. Rather than transfer the case to the district provided in the forum-selection clause, the court, in its discretion, transferred the case to a venue permitted under § 1391 where "a substantial part of the events . . . giving rise to [the] suit occurred[.]" *Id.* at *3. Like the Supreme Court in *Atlantic Marine*, the court in *Prosperity Bank* did not invalidate the forum-selection clause—it merely determined that the clause did not render § 1391 venues improper. *See id.* ("Because § 1391(b) applies, the mandatory forum-selection clause . . . does not affect the transfer under § 1406(a).").

Other courts in the Fifth Circuit have enforced forum-selection clauses after *Atlantic Marine*. *See Blue Racer Midstream*, 2018 WL 993781, at *1 ("Section 1391 dictates where a plaintiff may properly bring a civil suit unless the parties negotiated a forum-selection clause."); *Apollo Endosurgery, Inc. v. Demetech Corp.*, 2020 WL 5045036, at *5 (W.D. Tex. Aug. 26, 2020) ("[T]he applicable forum selection clause . . . sets venue in a state or federal court in Austin, Texas. Venue is therefore proper in this Court."); *J.D. Fields*, 391 F. Supp. 3d at 705 ("[P]arties may consent to a venue that is not expressly authorized by statute."); *WorldVentures Holdings*, 2018 WL 6523306, at *14 ("It is well-settled that venue is proper in any district agreed to under a forum selection clause—even if that district would not have been proper under § 1391."). In light of these cases and in the absence of Fifth Circuit precedent invalidating forum-selection clauses that provide for venues

---

[4] Defendants also point to a few district-court cases in other circuits. Doc. 8, Defs.' Mot. 4–5. Given the Court's own interpretation of *Atlantic Marine* and the lack of Fifth Circuit precedent to the contrary, these cases are not persuasive for the Court's analysis in this matter.

outside of § 1391's categories, the Court finds the Forum Clause establishes proper venue in the Northern District of Texas.

B.     *The Forum Clause Is Not Unreasonable.*

Moreover, the Fifth Circuit favors enforcing forum-selection clauses where the opposing party does not show that enforcement would be "unreasonable." *Kevlin Servs.*, 46 F.3d at 15; *see Al Copeland Invs.*, 844 F.3d at 543; *Weber*, 897 F.3d at 773. Here, Defendants have not shown or even claimed that the Forum Clause "was the product of fraud or overreaching," that Defendants will "be deprived of [their] day in court because of the grave inconvenience or unfairness of the selected forum," that "the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy," or that "enforcement of the clause would contravene a strong public policy of [Texas]." *See Al Copeland Invs.*, 844 F.3d at 543 (citing *Haynsworth*, 121 F.3d at 963). Defendants, therefore, fail to demonstrate that the Court should not enforce the Forum Clause or that the venue is otherwise improper. Because Defendants consented "to the jurisdiction of all federal and state courts located in the State of Texas" and agreed not to challenge venue, Doc. 1-1, Lease, § 17.18; Doc 1-2, Guaranty, § 10, venue is proper in the Northern District of Texas.

## IV.
## CONCLUSION

For the reasons stated above, the Court finds that the Northern District of Texas is a proper venue in this case. Accordingly, Defendants' motion to dismiss (Doc. 8) is **DENIED.**

SO ORDERED.

DATED: October 19, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE