UNITED STATES DISTRICT COURT
For the Northern District of Texas Dallas Division

| | | |
|---|---|---|
| STORE MASTER FUNDING III, LLC, a Delaware limited liability company, | § § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-01449-B |
| | § | |
| R. TEQUILA ACQUISITION, LCC, *et al.* | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS RONAK PARIKH'S, AKASH BHAKTA'S, CHETAN BHAKTA'S NIKUNJ BHAKTA'S AND HENRY LEONARD'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants R Tequila Acquisition, LLC, Ronak Parikh, Akash Bhakta, Chetan Bhakta, Nikunj Bhakta and Henry Leonard's ("Defendants") Answer to Plaintiff's Complaint (Doc. #1).

**I.**

**Defendants' Original Answer**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each paragraph of the Complaint as stated below. Paragraph numbers in this Section correspond to the paragraph numbers in Plaintiff's Complaint.

1. Defendants admit the first sentence of paragraph 1. Defendants lack knowledge or information sufficient to form a belief regarding the truth of Plaintiff's allegation in the second sentence.

2. Defendants admit that (i) Tenant a limited liability company organized and existing under the laws of the State of Texas and (ii) service of process on Tenant may be made on its registered agent for service of process: Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056. Defendants deny the remainder of paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit that Chetan Bhakta is an individual residing in Denton County, Texas and is a citizen of the State of Texas for purposes of diversity. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that Chetal Bhakta is an individual who is a citizen of the State of Texas for purposes of diversity. Defendants deny the remaining allegations in paragraph 8.

9. Defendants deny Plaintiff's allegation that Nikunj Bhakta may be served at the address listed in paragraph 9. Defendants admit the remaining allegations in paragraph 9.

10. Defendants deny Plaintiff's allegation that Teena Bhakta may be served at the address listed in paragraph 10. Defendants admit the remaining allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

**Jurisdiction and Venue**

13. Defendants admit that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's allegation that the controversy is between citizens of different states. Plaintiff's allegations regarding the Court's subject matter jurisdiction is a conclusion of law for which no admission or denial is required.

14. Defendants admit that they are subject to personal jurisdiction in this district. Defendants admit that they signed contracts agreeing to submit to personal jurisdiction in Texas

and waiving objection to venue in Texas, but otherwise deny the remaining allegations in paragraph 14 for which an admission or denial is required.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit that they signed a contract titled "Amended and Restated Unconditional Guaranty of Payment and Performance" in which they agreed to submit to personal jurisdiction in Texas. Defendants deny the remaining allegations in paragraph 17.

## General Allegations

### A. The Lease, the Amended Lease and the Guaranty

18. Defendants admit the allegations in paragraph 18.

19. Defendants agree that in Section 6.01(a) of the Lease they agreed to pay taxes as alleged, but subject to Section 6.01(b) of the Lease. To the extent paragraph 19 of the Complaint is inconsistent with the foregoing sentence, Defendants deny paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants deny the allegation in paragraph 24.

25. Defendants admit that in paragraph 25 Plaintiff accurately quoted a portion of the Guaranty except, as noted in paragraph 25, that the word "guarantees" was changed to "guarantee[d]."

26. Defendants admit the allegations in paragraph 26.

**B. [Alleged] Defaults under the Lease and the Guaranty**

27. Defendants deny the allegation in paragraph 27.

28. Defendants deny that Plaintiff made the referenced demand. The remainder of paragraph 28 is a conclusion of law regarding what is legally due to Plaintiff for which no admission or denial is required. However, in an abundance of caution, Defendants also note that Plaintiff agreed to alternative payment terms than stated in the Lease and deny paragraph 28.

29. Defendants deny that Plaintiff made the referenced demand. The remainder of paragraph 29 is a conclusion of law regarding what is legally due to Plaintiff for which no admission or denial is required. However, in an abundance of caution, Defendants also note that Plaintiff agreed to alternative payment terms than stated in the Lease and deny paragraph 29.

**First Cause of Action**
**(alleged Breach of Lease – Tenant)**

30. Because paragraph 30 of the Complaint incorporates prior allegations in the Complaint, Defendant incorporate their responses above to those allegations.

31. The allegation in paragraph 31 is a conclusion of law regarding for which no admission or denial is required.

32. Defendants deny the allegation in paragraph 32 because Plaintiff failed to fulfill its obligation to mitigate its damages as referenced below.

33. Defendants deny the allegation in paragraph 33 because Plaintiff failed to fulfill its obligation to mitigate its damages as referenced below.

34. Defendants deny the allegation in paragraph 34 of the Complaint.

35. Defendants admit that the following constitutes an "Event of Default" as defined in Section 12.01(c) of the Lease: "if Lessee fails to pay, prior to delinquency, any taxes,

assessments or other charges the failure of which to pay will result in the imposition of a lien against the Property." Defendants otherwise deny paragraph 35 of the Complaint.

36. Defendants deny the allegation in paragraph 36.

37. Defendants deny the allegation in paragraph 37.

38. The allegations in paragraph 38 are allegations of the amount of alleged damages and conclusions of law for which no admission or denial is required, but to the extent such allegations require an answer, Defendants deny the allegations.

**Second Cause of Action**
**Alleged Breach of Guaranty (Guarantors)**

39. Because paragraph 39 of the Complaint incorporates prior allegations in the Complaint, Defendant incorporate their responses above to those allegations.

40. The allegation in paragraph 40 is a conclusion of law for which no admission or denial is required.

41. The allegation in paragraph 41 is a conclusion of law for which no admission or denial is required.

42. Defendants deny the allegation in paragraph 42 because Plaintiff failed to fulfill its obligation to mitigate its damages as referenced below.

43. Paragraph 43 is a conclusion of law for which no admission or denial is required, but to the extent such allegations require an answer, Defendants deny the allegations.

44. Paragraph 44 is a conclusion of law for which no admission or denial is required, but to the extent such allegations require an answer, Defendants deny the allegations.

45. Paragraph 45 is a conclusion of law for which no admission or denial is required, but to the extent such allegations require an answer, Defendants deny the allegations.

46. The allegations in paragraph 46 are allegations of the amount of alleged damages and conclusions of law for which no admission or denial is required, but to the extent such allegations require an answer, Defendants deny the allegations.

**Conditions Precedent**

47. Defendants deny the allegation in paragraph 47 because Plaintiff failed to fulfill its obligation to mitigate its damages as referenced below.

**Prayer for Relief**

The statements in Plaintiff's prayer for relief are not assertions of fact to which an admission or denial is required, but to the extent such prayer for relief requires an answer, Defendants deny that Plaintiff is entitled to the requested relief.

**II.**

**Affirmative Defenses**

Defendants assert the following affirmative defenses:

1. Plaintiff waived and is estopped from strictly enforcing the terms of the Lease because Plaintiff agreed that Tenant could perform in a manner different than stated in the Lease.

2. Plaintiff failed to fulfill its obligation to mitigate its alleged damages. Plaintiff did not make reasonable efforts to obtain a replacement tenant and wrongfully rejected available tenants willing to lease the property at issue in the Lease.

3. Defendants assert the affirmative defense of payment.

**Prayer**

Defendants pray that all claims by Plaintiff against Defendants be dismissed with prejudice and for all such other and further relief, legal and equitable, including attorney's fees and costs of court, to which Defendants may be justly entitled.

Respectfully submitted,

/s/ *Patrick D. Keating*
Patrick D. Keating
State Bar No. 00794074
pkeating@keatingbrown.com
Jeremy T. Brown
State Bar No. 24055221
jbrown@keatingbrown.com
KEATING BROWN PLLC
2425 N. Central Expwy., Ste. 200
Richardson, Texas 75080
Telephone: (214) 390-7702
Facsimile: (214) 989-4147

**ATTORNEYS FOR DEFENDANTS**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by means of the Court's electronic filing system on November 2, 2020.

/s/ *Patrick D. Keating*
Patrick D. Keating